Kings County.—HON. W. L. LIVINGSTON, Surrogate.—
March, 1880.

## MATTER OF NICHOLS.

*In the matter of the estate of* SARA E. NICHOLS, *deceased.*

Upon an administrator's accounting, payments made by him cannot be rejected merely because neither the accounts nor the oath to the accounts disclose to whom such payments have been made. It is sufficient if

the testimony of the administrator shows to whom the money has been paid.

*It seems,* that in case of payments under $20, where there is no reason to doubt that the payment has been made, such payments will not be disallowed in all cases even where the administrator cannot remember the name of the payee, and cannot identify him.

Upon an application for leave to issue execution upon a judgment recovered in an action, which the administrator has unsuccessfully defended, and in which the court had awarded costs against the estate to the plaintiff, the administrator cannot be allowed to reduce the amount in his hands by a charge for fees paid his own counsel in the action in which the judgment was recovered.

APPLICATION for leave to issue execution upon a judgment against the estate, in an action which the administrator had defended, and in which costs against the estate had been awarded, to the plaintiff.

The administrator's account was referred to an auditor, and the matter came up on exceptions taken by both parties to the auditor's report. Further facts appear in the opinion.

THE SURROGATE.—The auditor has disallowed a number of items of debts paid, on the ground that neither the account nor the oath to the account discloses to whom they had been paid. This construction of 2 *R. S.*, 92, § 55, is too narrow. It is sufficient if the testimony of the administrator shows to whom the money was paid, and where the amount is under $20, and there is no reason to doubt that it was actually paid, I am not prepared to say that it will be disallowed in all cases where the administrator finds it impossible to give the name of the person to whom it was paid, or to describe him so that he can be identified.

For instance, an executor or an administrator is entitled to his necessary expenses incurred in traveling

upon the business of the estate, but notwithstanding that, it must be impracticable, if not impossible, for him on his final accounting to give the names or an accurate description of all the car-conductors, ticket-agents and hack-drivers to whom he may have paid fares. Under this more liberal construction of the statute, the administrator in this case should be allowed several items rejected by the auditor on the ground above mentioned.

The administrator should also be allowed his necessary traveling expenses incurred in attending to the business of the estate, including his attendance upon the trial of the suit brought against him as administrator by Mr. Underhill, and also the expenses of the witnesses in that suit.

The counsel fee of $250 paid to Prince, Gibson & Harsell, and the costs of motion $10, paid to Thomas Wilder by the administrator on behalf of the estate, were disallowed by the auditor on the ground that the judgment of the Supreme Court in that action imposed the costs upon the administrator *personally*, and that he could not, therefore, charge the estate with the expenses of the suit (*Redf. Surr. Pr.*, 394), but the auditor was mistaken; the judgment of the Supreme Court did not charge the costs of the action on the administrator *personally ;* on the contrary, it ordered that they should be paid out of the assets of the estate. The counsel fee of $250 must be disallowed, because, on an application of this kind, the amount for which execution is to issue cannot be permitted to be reduced by the allowance of counsel fees for professional services rendered in the very action which resulted in the judgment sought to be collected, where the court in that

action had awarded costs to the judgment creditor; otherwise, where, as in this case, the amount in the hands of the administrator is insufficient to pay the said counsel fees and the claim of the judgment creditor in full, the latter would be made to contribute toward paying the charges of his adversary in resisting the claim, notwithstanding that the court, by awarding the costs of the action to the creditor, had declared that the payment of the said claim had been unreasonably resisted. (Field *v.* Field, 2 *Redf.*, 160; 2 *R. S.*, 90, § 41). This would be manifestly unjust.

Ordered accordingly.